# United States Court of Appeals
# For the Second Circuit

August Term 2024

Submitted *en banc*: June 25, 2025
Decided: August 28, 2025

No. 22-1115-cr

UNITED STATES OF AMERICA,

*Appellee*,

*v.*

BRIAN MAIORANA,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Eastern District of New York
No. 1:20CR00519, Frederic Block, *Judge*.

Before:
LIVINGSTON, *Chief Judge*, LEVAL, PARKER, LOHIER, SULLIVAN, BIANCO, PARK, NARDINI, MENASHI, LEE, ROBINSON, PÉREZ, NATHAN, MERRIAM, and KAHN, *Circuit Judges*.*

MERRIAM, *J.*, filed the majority opinion in which LIVINGSTON, *C.J.*, LEVAL, PARKER, LOHIER, SULLIVAN, BIANCO, PARK, NARDINI, LEE, ROBINSON, PÉREZ, NATHAN, and KAHN, *JJ.*, joined.

* Judge Leval and Judge Parker, who are senior judges, participated in this rehearing *en banc* pursuant to 28 U.S.C. §46(c)(1) and §294(c).

MENASHI, *J.*, filed a dissenting opinion.

Brian Maiorana, who was convicted and sentenced by the United States District Court for the Eastern District of New York (Block, *J.*), appeals from the sentence imposed on him. He contends that his constitutional right to be present at his sentence was violated by the imposition, in the written judgment, of thirteen conditions of supervised release; the District Court never orally (or otherwise) notified Maiorana, before or at the sentencing hearing, of its intent to impose those thirteen conditions. The conditions in question essentially mirror the non-mandatory conditions described as "standard" conditions of supervised release in §5D1.3(c) of the United States Sentencing Guidelines.

The terms of a defendant's sentence must ordinarily be pronounced in his presence at the sentencing proceeding. We derogated from this general rule in *United States v. Truscello*, 168 F.3d 61, 62 (2d Cir. 1999), to permit a sentencing court to add to the judgment *after* sentencing, without pronouncement in the presence of the defendant, conditions that we deemed "necessary to effect" the purpose of supervised release – in particular, mandatory conditions and the discretionary "standard" conditions that were then set forth in §5D1.3(c) of the Guidelines. Maiorana's challenge has drawn our attention to recent decisions of other circuits, including recent *en banc* decisions, which render *Truscello*'s ruling on discretionary conditions an outlier. On re-examination, we find that *Truscello*'s exception to the pronouncement rule for certain non-mandatory conditions does not sufficiently respect a defendant's constitutional right to be present at sentencing. We therefore hold that to impose any non-mandatory conditions of supervised release, including those labeled as "standard" in §5D1.3(c), a sentencing court must pronounce those conditions in the defendant's presence during the sentencing proceeding and, without having done so, may not subsequently add them to the written judgment.

Proceeding *en banc*, we now overrule *Truscello*. We **VACATE** the portion of the defendant's sentence imposing the thirteen discretionary conditions of supervised release. With the consent of both parties, we also vacate a condition imposed in the written judgment that directly contradicts the judgment as orally pronounced in the defendant's presence. We **REMAND** this matter to the District Court for further proceedings in accordance with this opinion.

Sarah Baumgartel, Edward S. Zas, Federal Defenders of New York, Inc., New York, NY, *for Defendant-Appellant.*

Andrew M. Roddin, Anthony Bagnuola, Assistant United States Attorneys, *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, Brooklyn, NY, *for Appellee.*

Allison Frankel, American Civil Liberties Union Foundation, New York, NY; Daniel R. Lambright, Molly K. Biklen, New York Civil Liberties Union Foundation, New York, NY, *for amici curiae Executives Transforming Probation and Parole, American Civil Liberties Union, and New York Civil Liberties Union in support of Defendant-Appellant*.

Terence S. Ward, Federal Defender, Federal Defender's Office for the District of Connecticut, Hartford, CT; Kelly M. Barrett, First Assistant Federal Defender, Carly Levenson, Assistant Federal Defender, Federal Defender's Office for the District of Connecticut, New Haven, CT, *for amicus curiae Federal Defender's Office for the District of Connecticut in support of Defendant-Appellant*.

Meredith Esser, Assistant Professor of Law, University of Wyoming College of Law, Laramie, WY, *for amicus curiae Clinical Law Professor in support of Defendant-Appellant*.

SARAH A. L. MERRIAM, *Circuit Judge*:

Brian Maiorana, who was convicted and sentenced by the United States District Court for the Eastern District of New York (Block, *J.*), appeals from the sentence imposed on him. He contends that his constitutional right to be present at his sentence was violated by imposition, in the written judgment, of thirteen non-mandatory conditions of supervised release that essentially mirror the conditions described as "standard" in §5D1.3(c) of the United States Sentencing Guidelines. The District Court never orally (or otherwise) notified Maiorana, before or at the sentencing hearing, of its intent to impose those thirteen conditions.

**BACKGROUND**

On April 26, 2021, Maiorana pled guilty to possession of a firearm and ammunition following a felony conviction, in violation of 18 U.S.C. §922(g)(1). The government and Maiorana each filed a sentencing memorandum, neither of which discussed potential conditions of supervised release. In the pre-sentence report ("PSR"), the Probation Office recommended that Maiorana's sentence include two years of supervised release, subject to seven "special" conditions, one of which requires that Maiorana receive a mental health evaluation and, if

deemed necessary, treatment, and that he contribute to the cost of those services (the "Mental Health Condition"). Other than these seven special conditions, the PSR did not recommend or mention any other conditions of supervised release.

On May 18, 2022, the District Court sentenced Maiorana to 36 months of imprisonment to be followed by three years of supervised release. The District Court orally imposed each of the special conditions of supervised release recommended in the PSR, subject to the modification that Maiorana would *not* be required to contribute to the cost of mental health services. *See* App'x at 87. Summarizing the sentence, the District Court stated: "So it will be 36 months followed by three years of supervised release with all of these conditions that I articulated before. There will be general conditions of supervised release as well, which will be part and parcel of the judgment." *Id.* at 106. The District Court gave no indication of what the "general conditions" would be. *Id.* There was no mention of either the mandatory or the discretionary "standard" conditions that were later imposed.

The written judgment entered on May 23, 2022, imposed **twenty-four** conditions of supervised release, including: the **seven** special conditions that were recommended in the PSR and discussed at sentencing, including a

requirement that Maiorana contribute to the cost of any required mental health services, contrary to what the District Court had stated orally at the sentencing hearing; **thirteen** additional discretionary conditions, substantially similar to those described as "standard" conditions in §5D1.3(c) of the Sentencing Guidelines;[1] and **four** mandatory conditions, each of which is required by 18 U.S.C. §3583(d).[2] *See* App'x at 110-12.

On appeal, Maiorana and the government agree that, because the provision of the written judgment requiring Maiorana to contribute to the cost of mental health services contradicts the District Court's oral pronouncement at the sentencing proceeding, that requirement must be eliminated. Maiorana further argues that we must vacate the thirteen "standard conditions of supervision" because the District Court failed to pronounce those conditions in his presence at sentencing. For the reasons set forth below, we agree with Maiorana.

---

[1] The thirteen "standard conditions of supervision" imposed in the judgment are substantively identical to the conditions set forth in Guidelines §5D1.3(c), with only small variances. For example, while the Guidelines say "the defendant shall" do certain things, the judgment instructs Maiorana directly, stating "you must." *Compare* U.S.S.G. §5D1.3(c), *with* App'x at 112.

[2] At sentencing, the District Court orally indicated that it would waive the mandatory drug testing requirement, as permitted by 18 U.S.C. §3583(d), but the written judgment did not in fact waive that requirement. *Compare* App'x at 88, *with* App'x at 110. Maiorana does not challenge this inconsistency on appeal.

## DISCUSSION

### I. Standard of Review

"[W]hether the spoken and written terms of a defendant's sentence differ impermissibly" is "a question of law" that we review *de novo*. *United States v. Washington*, 904 F.3d 204, 207 (2d Cir. 2018); *see also United States v. Reeves*, 591 F.3d 77, 80 (2d Cir. 2010) ("We review *de novo* questions of law arising from the imposition of a condition of supervised release."). The government asked, in its original briefing to the panel, that we review only for plain error. *See* Appellee's Br. at 16; *see also United States v. Williams*, 998 F.3d 538, 540 (2d Cir. 2021) (per curiam).[3] "But plain error review is not always warranted in the sentencing context." *United States v. Matta*, 777 F.3d 116, 121 (2d Cir. 2015); *see also United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010) (per curiam) (holding that when a defendant is "deprived of any opportunity to object," strict plain error review is not appropriate). "[W]hen the point of law on appeal is a term of the defendant's sentence and the defendant lacked prior notice in the district court that the term

[3] The government's *en banc* briefing focuses, appropriately, on the question of whether *Truscello* should be overturned, and does not address the standard of review for Maiorana's individual appeal.

would be imposed, we will review the issue de novo even if the defendant failed to raise an objection in the district court." *Washington*, 904 F.3d at 207.

Maiorana challenges aspects of his sentence that were not discussed during his sentencing proceeding but were later added to the written judgment. Although the "special" conditions imposed were recommended in his PSR, the "standard" conditions were not. Maiorana and his counsel had no way of knowing that the District Court would include in the written judgment supervised release conditions that had not been announced at sentencing. Because these conditions were never stated or clearly referenced by the District Court when Maiorana was before it, Maiorana had no opportunity to object to them at the sentencing hearing or, indeed, at any time before the entry of the written judgment. Accordingly, we review his challenge *de novo*. *See Washington*, 904 F.3d at 207-08 (reviewing a sentencing challenge *de novo* because the defendant "could not have known before issuance of the written judgment that the District Court would include" the challenged condition); *cf.* Fed. R. Crim. P. 51(b) ("If a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice that party.").

## II. The terms of a defendant's sentence generally must be pronounced at the sentencing proceeding.

"Both the Constitution and the Federal Rules of Criminal Procedure grant a criminal defendant the right to be present during sentencing." *United States v. Jacques*, 321 F.3d 255, 262 (2d Cir. 2003) (citing *United States v. A-Abras Inc.*, 185 F.3d 26, 29 (2d Cir. 1999), and Fed. R. Crim. P. 43(a)). That right is codified by Federal Rule of Criminal Procedure 43(a)(3) and "encompasses the protections afforded by the . . . due process clause of the fifth amendment, and the common law right of presence." *United States v. Reiter*, 897 F.2d 639, 642 (2d Cir. 1990); *see also United States v. Arrous*, 320 F.3d 355, 359-60 (2d Cir. 2003) (acknowledging that defendants have a constitutional right to be present at sentencing).

The right to presence generally requires that the terms of a defendant's sentence be orally pronounced by the court in the defendant's presence at the sentencing proceeding. *See, e.g.*, *United States v. Rosario*, 386 F.3d 166, 168-69 (2d Cir. 2004). "[I]n the event of variation between an oral pronouncement of sentence and a subsequent written judgment, the oral pronouncement controls," *id.* at 168, "because the defendant is present at the announcement of the sentence, but not when the judgment is later entered," *United States v. Handakas*, 329 F.3d 115, 117 (2d Cir. 2003); *see also A-Abras Inc.*, 185 F.3d at 29 ("[T]he constitutional

right of a defendant to be present at sentencing dictates that the oral pronouncement of sentence must control.”).

## III. Our precedent allowing an exception to the pronouncement rule for discretionary conditions is now an outlier.

In light of these principles, Maiorana asserts that the thirteen discretionary unpronounced “standard conditions of supervision” imposed in his judgment must be removed. As noted, it is well-established that the terms of a sentence ordinarily must be orally pronounced in the defendant’s presence. However, with respect to conditions of supervised release, we have departed from this general rule. *See Washington*, 904 F.3d at 208. Our departure from the ordinary requirement was articulated in *United States v. Truscello*, in which we held that mandatory conditions of supervised release[4] and the non-mandatory conditions described as “standard” in §5D1.3(c) of the Guidelines could be subsequently added to the sentence after the sentencing proceeding and outside the presence

[4] There are only a handful of mandatory conditions of supervised release that a sentencing court “shall order”; those are set forth in the first paragraph of 18 U.S.C. §3583(d). All other conditions of supervised release are non-mandatory, or “discretionary,” and a court “may order” them where appropriate. *See id.* §3583(d)(1), (2), (3). Within the category of “discretionary” conditions are those commonly referred to as “standard” and others generally referred to as “special.” *Cf. United States v. Arguedas*, 134 F.4th 54, 69 (2d Cir. 2025) (discussing “mandatory, standard, and . . . special conditions of supervised release”).

of the defendant. 168 F.3d 61, 63-64 (2d Cir. 1999). We held that the subsequent addition of the non-mandatory conditions was permissible because the conditions challenged were "[i]mplicit in the very nature of supervised release [because they] are necessary to effect its purpose," or were "basic administrative requirements essential to the functioning of the supervised release system." *Id.* at 62, 63 (citation and quotation marks omitted).

The "standard" conditions set forth in §5D1.3(c) have been revised since the 1999 issuance of *Truscello*. *See* Amendment 803, Supplement to Appendix C – Amendments to the Guidelines Manual (Nov. 1, 2016). Nonetheless, some of the surviving conditions are substantially similar to those on which we ruled in *Truscello*. To the extent that the §5D1.3(c) conditions imposed on Maiorana substantially replicate those on which we ruled in *Truscello*, the rule of *stare decisis* ordinarily would compel affirmance. *See United States v. Smith*, 949 F.3d 60, 65 (2d Cir. 2020) (explaining that, "ordinarily," "a panel of our Court is bound by the decisions of prior panels" (citation and quotation marks omitted)). But Maiorana's challenge has drawn our attention to recent developments in the law. A new national consensus has emerged on this question. In recent years, *nine* circuits have held that sentencing courts are required to orally pronounce (either

expressly or by reference) all non-mandatory — or, put differently, discretionary — conditions of supervised release. Our position, dictated by *Truscello*, is now a clear outlier.

In 2020, in what it described as a "return to first principles," the Fifth Circuit overruled its own precedent on this question and held: "If a condition is required, making an objection futile, the court need not pronounce it. If a condition is discretionary," as is each condition listed in §5D1.3(c), "the court must pronounce it to allow for an objection." *United States v. Diggles*, 957 F.3d 551, 557, 559 (5th Cir. 2020) (*en banc*). The Fifth Circuit grounded this holding in a defendant's constitutional right to be present at sentencing, based on the underlying Fifth Amendment "right to mount a defense." *Id.* at 560; *see also id.* at 557 ("[T]he right to be present at proceedings that lack testimony (usually true of sentencings) comes from the Fifth Amendment's Due Process Clause."). In 2023, the Ninth Circuit likewise reversed its prior precedent – which had expressly relied on *Truscello*[5] – and held that defendants have a due process right to oral

[5] *See United States v. Napier*, 463 F.3d 1040, 1043 (9th Cir. 2006) (citing *Truscello* for the proposition that "imposition of these mandatory and standard conditions is deemed to be implicit in an oral sentence imposing supervised release"), *overruled by United States v. Montoya*, 82 F.4th 640 (9th Cir. 2023) (*en banc*).

pronouncement of all non-mandatory conditions at the sentencing proceeding. *See United States v. Montoya*, 82 F.4th 640, 650-51 (9th Cir. 2023) (*en banc*). The Fourth, Sixth, Seventh, Eighth, Tenth, Eleventh, and D.C. Circuits have all reached similar conclusions in recent years. *See United States v. Rogers*, 961 F.3d 291, 296-99 (4th Cir. 2020); *United States v. Hayden*, 102 F.4th 368, 371-74 (6th Cir. 2024); *United States v. Anstice*, 930 F.3d 907, 910 (7th Cir. 2019); *United States v. Walker*, 80 F.4th 880, 882-83 (8th Cir. 2023); *United States v. Geddes*, 71 F.4th 1206, 1215 (10th Cir. 2023); *United States v. Rodriguez*, 75 F.4th 1231, 1246 (11th Cir. 2023); *United States v. Matthews*, 54 F.4th 1, 4-6 (D.C. Cir. 2022).[6]

The decisions of our sister courts forming this new consensus vary slightly, but all agree on a fundamental premise: Sentencing courts must notify the defendant at sentencing of *all* non-mandatory conditions of supervised release.

---

[6] We have been unable to locate any published decision of the Third Circuit directly addressing the scope of the pronouncement requirement. Although the First Circuit has commented on the matter in dicta and sometimes indicated passing approval for the imposition of "standard" conditions without oral pronouncement, it has neither squarely confronted nor clearly answered this question. *See, e.g.*, *United States v. Tulloch*, 380 F.3d 8, 13, 14 n.8 (1st Cir. 2004), *as amended* (Sept. 17, 2004) (per curiam); *United States v. Sepulveda-Contreras*, 466 F.3d 166, 169 (1st Cir. 2006); *United States v. Nardozzi*, 2 F.4th 2, 8 (1st Cir. 2021).

Both because *Truscello* is now an outlier, and because of the critical constitutional issues it implicates, we take this opportunity, proceeding *en banc*, to re-examine the exception to the pronouncement rule that *Truscello* created.

## IV. A defendant's right to presence requires that all non-mandatory conditions of supervised release, including the "standard" conditions described in Guidelines §5D1.3(c), be pronounced at sentencing.

*Truscello* departed from the general rule that "a defendant must be present at pronouncement of sentence." *Washington*, 904 F.3d at 208. Although a version of this rule is stated in Rule 43(a),[7] the defendant's right to presence "is of constitutional dimension" and grounded in Fifth Amendment due process protections, and, accordingly, we have recognized that it is "critical that the defendant be present when sentence is orally imposed." *United States v. Agard*, 77 F.3d 22, 24 (2d. Cir. 1996). Indeed, as the Fifth Circuit noted, sentencing is "usually *the* critical stage [of a criminal case] these days when well over 95% of federal defendants plead guilty." *Diggles*, 957 F.3d at 558.[8]

---

[7] Rule 43(a) reads as follows: "Unless this rule, Rule 5, or Rule 10 provides otherwise, the defendant must be present at . . . sentencing." Fed. R. Crim. P. 43(a).

[8] We also note that "the public itself 'has an independent interest in requiring a [formal] public sentencing in order to assure the appearance of justice.'" *United States v. Ramirez*, 514 F. App'x 42, 45 (2d Cir. 2013) (summary order) (quoting *Agard*, 77 F.3d at 24).

Despite the core constitutional rights at stake, *Truscello* did not delve into these issues. *See generally* 168 F.3d at 62-64. With little discussion, *Truscello* authorized departure from the constitutional norm for conditions of supervised release that were believed to be "[i]mplicit in the very nature of supervised release [because they] are *necessary to effect its purpose*," *id.* at 62 (emphasis added), or to constitute "basic administrative requirements *essential to the functioning of the supervised release system*," *id.* at 63 (emphasis added) (citation and quotation marks omitted).[9]

It is difficult to reconcile the framing of discretionary conditions as "necessary" to effect the purpose of supervised release, *id.* at 62, with the fact that their imposition is, by definition, optional – especially because Congress has made *other* conditions mandatory (and, therefore, implicitly necessary) in *every*

---

[9] *Truscello's* holding has since been applied to other non-mandatory conditions, which, like the "standard" conditions listed in §5D1.3(c), were deemed "basic administrative requirements that are necessary to supervised release." *United States v. Thomas*, 299 F.3d 150, 154 (2d Cir. 2002) (citation and quotation marks omitted); *see also United States v. Asuncion-Pimental*, 290 F.3d 91, 94 (2d Cir. 2002); *United States v. Handakas*, 329 F.3d 115, 117 (2d Cir. 2003) (collecting cases). We note that this line of cases has sometimes created confusion in the trial courts regarding when and how discretionary conditions of supervised release must be pronounced, *see Thomas*, 299 F.3d at 156 (discussing "the problems presented by *Truscello*" and its progeny), which further underscores the need for our holding today that all non-mandatory conditions must be pronounced, either explicitly or by reference, at sentencing in the presence of the defendant.

sentence of supervised release. *See* 18 U.S.C. §3583(d). Indeed, the fact that the Sentencing Guidelines explicitly state that the "'standard' conditions are *recommended* for supervised release," U.S.S.G. §5D1.3(c) (emphasis added), indicates that neither the Sentencing Commission nor Congress regarded them as necessary to every term of supervised release.[10]

Accordingly, we find that the distinction between mandatory and discretionary conditions as denoted in 18 U.S.C. §3583(d) provides the proper framework to determine whether pronouncement at sentencing is required, grounded in the constitutional principles underlying a defendant's right to presence. Mandatory conditions may be imposed without prior notice or pronouncement. Discretionary conditions may not.

"[A] defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987). A discretionary condition, by definition, need not be imposed and,

---

[10] Indeed, in the November 1, 1998, Amendments to the Guidelines Manual, the term "(Policy Statement)" was inserted in §5D1.3(c) "to indicate that discretionary (as opposed to mandatory) conditions are advisory policy statements of the Commission, *not binding guidelines*." Amendment 584, Supplement to Appendix C – Amendments to the Guidelines Manual (Nov. 1, 1998) (emphasis added).

accordingly, can be contested. The pronouncement of discretionary conditions therefore "contribute[s] to the fairness of the procedure," *id.*, by providing a defendant the "opportunity to object . . . and seek tailored conditions of supervised release limited to what is 'reasonably necessary' to meet sentencing objectives," *Walker*, 80 F.4th at 882 (quoting 18 U.S.C. §3583(d)(2)); *see also Diggles*, 957 F.3d at 558 ("[P]ronouncement of a supervised release condition [is] necessary to give the defendant a sufficient opportunity to defend . . . when imposition of that condition is discretionary, because then the defendant can dispute whether it is necessary or what form it should take." (citation and quotation marks omitted)); *cf. United States v. Thomas*, 299 F.3d 150, 156 (2d Cir. 2002) (recognizing that oral pronouncement "serves the salutary function of insuring that a defendant fully understands the contours of his punishment at a time when any questions he or his lawyer may have can be explored and resolved in person").

We therefore reject *Truscello's* ruling that a district court may add discretionary conditions to the written judgment even when they are deemed "[i]mplicit in the very nature of supervised release [because they] are necessary to effect its purpose," 168 F.3d at 62, or considered "basic administrative

requirements essential to the functioning of the supervised release system," *id.* at 63 (citation and quotation marks omitted). We hold that a sentencing court intending to impose non-mandatory conditions of supervised release, including the "standard" conditions described in §5D1.3(c), must notify the defendant during the sentencing proceeding; if the conditions are not pronounced, they may not later be added to the written judgment.[11] A sentencing court need not read the full text of every condition on the record. But it must, at the very least, as part of the pronouncement of the sentence in the presence of the defendant during the sentencing proceeding, expressly adopt or specifically incorporate by reference particular conditions that have been set forth in writing and made available to the defendant in the PSR, the Guidelines, or a notice adopted by the court.[12] This process ensures that defendants are afforded the constitutionally grounded protections encompassed by the right to be present at sentencing.

---

[11] The new rule of criminal procedure announced by this ruling shall apply to future cases and cases currently on direct review, but it does not apply retroactively on collateral review. *See Edwards v. Vannoy*, 593 U.S. 255, 262-63 (2021); *accord Montoya*, 82 F.4th at 653 n.16.

[12] There is an easy way to ensure that a defendant has notice of and an opportunity to object to all proposed conditions: Include them in the PSR. At sentencing, a District Court "must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report." Fed. R. Crim. P. 32(i)(1)(A). And a defendant must be given an opportunity to object to the PSR. *See* Fed. R. Crim. P.

In light of this ruling, we find that the "standard" conditions of supervised release that Maiorana challenges were not lawfully imposed upon him.

## V. The condition requiring Maiorana to contribute to the cost of mental health services must be corrected.

Both parties agree that the condition imposed in the written judgment requiring Maiorana to contribute to the cost of mental health services impermissibly conflicts with the District Court's oral pronouncement of sentence. In light of this "clear discrepancy[,] . . . the oral pronouncement controls," and remand is required so that the District Court can conform the written judgment to the orally pronounced sentence. *United States v. Peguero*, 34 F.4th 143, 165 (2d Cir. 2022).

## CONCLUSION

For the reasons stated, we find that the written judgment's imposition of the thirteen challenged discretionary conditions of supervised release, as well as the payment provision of the mental health condition previously discussed, constituted "an impermissible modification of the spoken sentence." *Washington*,

---

32(f). If all proposed discretionary conditions are listed in the PSR, that would assure a sentencing court (and a reviewing court) that a defendant has received notice of all such conditions and had a meaningful opportunity to object. That practice – while not required – would efficiently avoid most challenges of the sort raised here.

904 F.3d at 208. We therefore **REMAND** this matter to the District Court with instructions to vacate these portions of the judgment.[13] The written judgment shall be amended to strike the requirement that Maiorana contribute to mental health services. As to the thirteen "standard" conditions, if the District Court intends to impose them in the revised judgment, it must convene a hearing in the presence of the defendant and must advise the defendant that those conditions will be imposed, either through a full recitation or through the express adoption of particular conditions that have been set forth in writing and made available to Maiorana in the PSR, the Guidelines, or a notice adopted by the court.[14] If, on the other hand, the court does not choose to reimpose the thirteen "standard" conditions, it may simply strike them from the judgment (along with the

---

[13] The appropriate remedy for the district court's error is a limited remand to address the thirteen conditions of supervised release that were not properly imposed, not a full resentencing.

[14] Maiorana has a right to a hearing, but he may elect to waive it. The District Court may provide Maiorana with written notice of the conditions it intends to impose on remand. Maiorana may elect *not* to demand a hearing regarding those conditions and insist on their pronouncement in his presence. He may instead elect to argue his position in writing only, or to simply agree with the imposition of the conditions proposed. *Cf. United States v. Lewis*, 125 F.4th 69, 74 (2d Cir. 2025) (observing that a defendant may "decline[] the district court's invitation to read aloud a condition of supervised release referenced in the PSR").

condition requiring Maiorana to contribute to the cost of his mental health services) without need to conduct a new sentencing proceeding.